UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| P.R.B.A. CORP., t/a, BARE EXPOSURE,<br><br>Plaintiff,<br><br>vs.<br><br>HMS HOST TOLL ROADS, INC., *et al.*<br><br>Defendants. | Civil Action No.<br>1:12-CV-07914-RMB-JS<br><br>Hon. Renee Marie Bumb |

### REVISED JOINT PROPOSED DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   F. Michael Daily, Jr.
   F. Michael Daily, Jr., LLC
   216 Haddon Ave.
   Suite 106
   Westmont, NJ 08108
   Tel: (856) 833-0006
   Fax: (856) 833-1083
   **Attorney for Plaintiff**

   Thomas E. Monahan
   Mary M. McCudden
   Gilmore & Monahan, P.A.
   Ten Allen Street
   P.O. Box 1540
   Toms River, NJ 08754
   Tel. (732) 240-600
   Fax. (732) 244-1840

   and

Catherine A. Bledsoe
Jonathan E. Montgomery
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, MD 21202
Tel: (410) 576-4198
Fax: (410) 576-4269
**Attorneys for Defendants**

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

Plaintiff has sued Defendants under 42 U.S.C. § 1983 for alleged violation of Plaintiff's rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution and Article 1 of the New Jersey Constitution. In addition, Plaintiff has asserted a facial challenge to the constitutionality of New Jersey Administrative Code Sections 19:2-1.2(a), 19:2-5.7, and 19:9-1.13(d) ("the Regulations"). Plaintiff's claims arise from the decision by Defendant HMS Host, which leases the service plazas along the Garden State Parkway (from Defendant New Jersey Turnpike Authority) and the Atlantic City Expressway (from Defendant South Jersey Transportation Authority), to prohibit Plaintiff from placing brochures advertising Plaintiff's gentleman's club in the lobbies of the service plazas.

Defendants contend that Plaintiff's claims fail at the threshold because there is no State action and Plaintiff lacks standing to assert a facial challenge to the Regulations. Defendants further contend that, even if HMS Host's decision constitutes State action, the service plazas are non-public forums, and HMS Host's restrictions on the brochures are reasonable.

The court recently denied Plaintiff's Motion for a Preliminary Injunction. The court also denied Defendants' Motion for Summary Judgment on the ground that Plaintiff has not had an opportunity to take discovery.

3. No settlement discussions have taken place.

4. The parties have met pursuant to Fed. R. Civ. P. 26(f):

The parties held a telephonic conference on March 29, 2013 and, again, on August 5, 2013. The parties agreed to seek a postponement of the status conference scheduled before Magistrate Judge Schneider on August 13, 2013, and to revise the Joint Discovery Plan submitted earlier.

5.     The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) within 15 days after the status conference with Magistrate Judge Schneider.

6.     The parties do not anticipate any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

7.     The parties have not conducted discovery.

8.     Proposed joint discovery plan:

    a.  Discovery is needed on the following subjects: (1) the decision to prohibit Plaintiff from placing the brochures in the service plazas; (2) the practice and policies governing the placement of brochures in the service plazas; (3) the damages, if any, suffered by Plaintiff as a result of Host's refusal to allow Plaintiff to place the brochures in the services plazas; (4) whether the decision to prohibit Plaintiff from placing the brochure in the service plazas constituted state action; (5) whether Plaintiff has standing to assert its claims.

    b.  Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures: 15 days after the status conference.

(2) E-discovery conference pursuant to L. Civ. P. 26.1(d): 15 days after the status conference.

(3) Service of initial written discovery: 30 days after the status conference.

(4) Maximum of 25 interrogatories by each party to each other party.

(5) Maximum of 10 depositions of 7 hours each to be taken by each party.

(6) Motion to amend or to add parties to be filed within 90 days after the status conference.

(7) Factual discovery to be completed by 120 days after the status conference.

(8) The parties do not anticipate needing expert testimony in this case.

(9) Dispositive motions to be filed by 150 days after the status conference.

3

      (10)  A pretrial conference may take place 30 days after the Court's ruling on any dispositive motions.

      (11)  Trial date: _____ (Jury trial).

9. The parties do not anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.).

10. The parties do not anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

11. The parties do not anticipate entry of a Discovery Confidentiality Order.

12. The parties do not anticipate any discovery problem(s) not listed above.

13. This case is not appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise) at the present time. It may be appropriate at a later time.

14. This case is not appropriate for bifurcation.

15. There is no need to schedule an interim status/settlement conference (with clients in attendance).

16. The parties do not consent to the trial being conducted by a Magistrate Judge.

17. There are no other issues to address at the Rule 16 Scheduling Conference.

Dated: August 9, 2013

_____/s/ F. Michael Daily, Jr._____
F. Michael Daily, Jr.
F. Michael Daily, Jr., LLC
216 Haddon Ave.
Suite 106
Westmont, NJ 08108
Tel: (856) 833-0006
Fax: (856) 833-1083
**Attorney for Plaintiff**

2819603.1 43673/120837 08/09/2013

5

/s/ *Thomas E. Monahan*
Thomas E. Monahan
Mary M. McCudden
Gilmore & Monahan, P.A.
Ten Allen Street
P.O. Box 1540
Toms River, NJ 08754
Tel. (732) 240-600
Fax. (732) 244-1840

Catherine A. Bledsoe
Jonathan E. Montgomery
Gordon Feinblatt, LLC
233 East Redwood Street
Baltimore, MD 21202
Tel: (410) 576-4198
Fax: (410) 576-4269
**Attorneys for Defendants**

2819603.1  43673/120837  08/09/2013